**Guennadi MOSSESSOV; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70972.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Rita Bryce, Esq., DOJ–U.S. Department of Justice, Antitrust Division, Cleveland, OH, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Guennadi Mossessov ("lead petitioner"), a native of Azerbaijan and citizen of Russia, and his wife, Ella Mossessov, a native of Armenia and citizen of Russia, petition for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We review de novo due process claims. *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005). We deny the petition for review.

Substantial evidence supports the IJ's and BIA's adverse credibility decisions.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 316–3.

Because the asylum claim is based on the lead petitioner's ethnicity, and the Department of Homeland Security Forensic Laboratory found that the birth certificate submitted to establish ethnicity is not genuine, the asylum claim is denied. *See Chebchoub,* 257 F.3d at 1042–43.

Because petitioners failed to show that they were eligible for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Petitioners also fails to establish a CAT claim because they did not show that it was more likely than not that they would be tortured if they were returned to Russia. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

Petitioners contend that their due process rights were violated because the IJ did not consider an affidavit that they submitted and gave greater weight to the government's forensic report. This contention is without merit. The IJ did consider the affidavit submitted by petitioners. Moreover, a difference of opinion regarding the weight a piece of evidence does not support a due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d at 930.

### PETITION FOR REVIEW DENIED.